### J. E. STINSON v. STATE.

No. A-4095.   Opinion Filed Oct. 18, 1923.
Rehearing Denied Dec. 4, 1923.
(220 Pac. 63.)

(Syllabus.)

**Homicide—Evidence Sustaining Conviction for Shooting with Intent to Kill.** In a prosecution for shooting another with intent to kill, the evidence held sufficient to sustain a conviction, and that no material error was committed on the trial.

Appeal from District Court, Harmon County; T. P. Clay, Judge.

J. E. Stinson was convicted of shooting another with the intent to kill, and he appeals. Affirmed.

R. D. Miller and S. B. Garrett, for plaintiff in error.

George F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for the State.

DOYLE, J.  Plaintiff in error, J. E. Stinson, was tried and convicted upon an information which charged him with having on the 28th day of September, 1920, assaulted one R. D. Sinclair by shooting him with a shotgun with the felonious intent the said Sinclair to kill.  In accordance with the verdict of the jury he was by the judgment of the court sentenced to imprisonment in the penitentiary for a term of two years.

This appeal is based entirely upon the alleged insufficiency of the evidence to support the verdict.  The evidence shows that the defendant and the complaining witness are farmers living in the same neighborhood; that the defendant's son and a daughter of the complaining witness are husband and wife, and there was a dispute existing between the defendant and the complaining witness relative to domestic difficulties between said son and daughter.  On the day alleged, about 2 o'clock p. m., the complaining witness was riding on a load of cane drawn by a team of mules that he was taking to a sorghum mill when the defendant stepped from a cane patch and shot him with a shotgun.  The complaining witness jumped off of the load of cane, and the defendant fired another shot.  Reloading his gun he fired three more shots.  The complaining witness had one shot wound in the scalp, two or three in the back, and two in the left arm.  When the defendant was arrested that evening he stated to the sheriff: "I went to the cane patch and stayed there until Mr. Sinclair passed the second time."  The sheriff asked him: "What did you stay there for all day?"  Defendant said: "Did you ever go out to murder a man? If you ever do you will find it a bigger job than you think it is"—and told the sheriff that he shot five times.  The gun was loaded with BB shot.

He interposed two defenses: The first that he acted in self-defense, and, second, that of insanity.

As a witness in his own behalf the defendant testified:

"My age is 46 years. I live in the northwest corner of Harmon county. My oldest boy married Mr. Sinclair's daughter. On the day of the difficulty I started over to the sorghum mill to see when I could get my cane ground. I was in Orr's cane patch, and saw Mr. Sinclair and Roy Smith pass. That was about three hours before the shooting occurred. Then I saw Mr. Sinclair driving along there with a load of cane. I walked towards the wagon. My object was to see him and see if we could get together and settle our affairs. Mr. Sinclair reached for his gun, and I shot him when I saw the gun. I thought he intended to shoot me. He had been threatening me for two or three years. I was about 40 or 50 yards from him when I spoke. After the first shot he kept trying to get his gun, and every time I shot it seemed to me like he was trying to get his gun out."

There was no evidence tending to support the insanity defense. Upon the defendant's own testimony he was not warranted in shooting the complaining witness, and the statements of the defendant to the sheriff, as testified to by him, were not denied by the defendant.

The cause appears to have been fairly tried. It was submitted to the jury by instructions which fully cover the law of self-defense and the defense of insanity, and the verdict appears to have been fully justified by the evidence. We are satisfied from an examination of the record that no error was committed on the trial upon which a reversal of the judgment of the district court would be authorized, and it is therefore affirmed.

MATSON, P. J., and BESSEY, J., concur.